{¶ 46} I respectfully dissent from the majority. I would sustain Appellant's first and second assignments of error in Case No. 2006-CA-71.[1] The California Court found the Ohio decree was not entitled to full faith and credit because the minors had been denied due process in the Ohio Court proceeding. See, Durfee v. Duke (1963), 375 U.S. 106. A judgment rendered in violation of the due process clause is void, subject to collateral attack, and not entitled to full faith and credit elsewhere. Klienfeld v. Link (1983) 9 Ohio App 3d 29.
 {¶ 47} Appellee chose not to contest, via appeal, the validity of the California Court's decision not to afford the Ohio Court's decree full faith and credit, despite having appeared and defended in California on the minors' complaint there. Appellee does not claim he was denied due process by the California Court; rather, he attempts to collaterally attack that judgment in Ohio via his motion for relief from that judgment.
 {¶ 48} Appellee is asserting his argument in the wrong forum. He should have made the argument via appeal in California. I believe the California Court's judgment is entitled to full faith and credit in Ohio, and subject to enforcement.
 2006-CA-72 {¶ 49} I concur with the majority to overrule Appellants' first, second, and fourth assignments of error, but disagree with its stated reasons for doing so. Because I find the California Court's decision is entitled to full faith and credit and it preceded in time *Page 14 
Appellants' complaint in this case, I believe these assignments of error are moot and any further judicial proceedings thereon unnecessary. It is for that reason I concur with the majority in affirming the trial court's dismissal of Appellants' complaint.
 {¶ 50} Finally, I concur in the majority's decision to sustain Appellants' third assignment of error reversing the trial court's finding the action was frivolous and awarding sanctions. *Page 15 
[1] Affording full faith and credit to the California Court's judgment renders Appellants' third assignment of error in 2006-CA-71 moot.